UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
JUL 25 2005
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

TRUSTEES OF B.A.C. LOCAL 32 INSURANCE
FUND, ET AL.,

                Plaintiffs,

v.

GREAT LAKES STONE, INC., ET AL.,

                Defendants.

Case number 04-74169
Honorable Julian Abele Cook, Jr.

## ORDER

The Plaintiff, Trustees of B.A.C. Local 32 Insurance Fund, et al. (collectively "The Funds"), filed this lawsuit, in which they alleged that the Defendants, Great Lakes Stone, Inc. ("Great Lakes") and Theodore Goolsby, Jr., had violated their fiscal obligations under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, by failing to make timely payments of health and pension benefit contributions. Having been notified that Great Lakes intends to cease all business operations, the Funds have filed a motion for the issuance of a temporary restraining order and a preliminary injunction which, if granted, would (1) compel Great Lakes to make payments of benefit contributions and (2) prevent the dissipation of its corporate assets. For the reasons that are stated below, the Court will grant the Funds' motion for a temporary restraining order in part. However, the Court will defer ruling on all other pertinent issues until August 16, 2005 at 9:30 a.m. when a hearing on the preliminary injunction request will be conducted.

I.

Great Lakes is a signatory to a collective bargaining agreement with the B.A.C. Local 32 Union. This collective bargaining agreement requires Great Lakes to make certain contributions to the Funds for the benefit of the corporation's employees who work in the tile, marble, and terrazzo industries. The Funds, which are administered under section 302 of the Labor Management Relations Act of 1947 ("LMRA") and under ERISA, is the trustee for the contributions.

On October 26, 2004, the Funds filed this lawsuit, alleging that Great Lakes had violated its obligations under ERISA and the Michigan Building Contract Fund, Mich. Comp. Laws § 570.151 et seq., by failing to make timely contributions in an amount of $94,913.84 for the period of January 2003 through April 2005 to the Funds.

Shortly after the Complaint was filed, the parties attempted to reach an negotiated settlement of their differences. As a result of these negotiations, the Court extended the period by which Great Lakes would be allowed to submit an answer to the Complaint. However, on June 27, 2005, the Funds, after being advised by Great Lakes that its business would cease to operate in the near future, concluded that their efforts to settle this case were fruitless. Great Lakes also indicated that its assets would be liquidated and subsequently distributed among the creditors who would offered fifty cents on the dollar in satisfaction of its various corporate liabilities. The Funds, all of whom are concerned that Great Lakes will deplete those assets which should be used to satisfy its ERISA obligations, has requested that all monies from the liquidation be held in escrow pending the resolution of this litigation.

This motion followed on July 8, 2005. As part of their motion, the Funds seek an Order that would (1) prohibit Great Lakes from incurring any future delinquency in their contribution obligations, (2) freeze the disbursement of any monies or corporate assets which could be used to

2

pay fringe benefit contributions, (3) require an immediate accounting of all monies and assets, and (4) direct the United States Marshal to seize and retain control all of Great Lakes' assets during the pendency of litigation.

II.

Injunctive relief "is an extraordinary remedy which should best be used sparingly." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 966 F.Supp. 540, 541 (E.D. Mich. 1997). Preliminary injunctions and temporary restraining orders are governed by Fed. R. Civ. P. 65.

In deciding whether to grant a preliminary injunction, courts are urged to consider the following four factors:

> (1) whether the plaintiff has established a substantial likelihood or probability of success on the merits;
> (2) whether there is a threat of irreparable harm to the plaintiff;
> (3) whether issuance of the injunction would cause substantial harm to others; and
> (4) whether the public interest would be served by granting injunctive relief.

*Nightclubs, Inc. v. City of Paducah*, 202 F.3d 884, 888 (6th Cir. 2000). "The four considerations applicable to preliminary injunction decisions are factors to be balanced, not prerequisites that must be met." *Mich. Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001).

By contrast, the underlying purpose of a temporary restraining order is to "preserv[e] the status quo and prevent[] irreparable harm just so long as it is necessary to hold a hearing and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). It is imperative that an aggrieved party, who seeks to obtain a temporary restraining order, must demonstrate the existence of an "immediate and irreparable" injury. Fed. R. Civ. P. 65(b).

III.

On the basis of the pleadings, the Court believes that the record has not been sufficiently developed to resolve the Funds' request for the issuance of a preliminary injunction at this stage of the litigation. Although Great Lakes has filed an Answer which generally denies the allegations in the Funds' Complaint, it has not filed a formal response to Funds' motion for injunctive relief.[1]

Nevertheless, this Court concludes that the Funds have set forth a sufficiency of evidence to justify the imposition of a limited temporary restraining order. In their motion, the Funds have claimed that Great Lakes has repeatedly failed to fulfill its obligations to pay benefit contributions to the Funds. Attached to the Funds' motion is an independent audit which purportedly demonstrates that Great Lakes owes the Funds the sum of $94,913.84 which covers the period of January 2003 through April 2005. *See* Pl.'s Mot., Ex. 2. As a result of this alleged delinquency, the Funds claim to have incurred substantial losses in their investment income which is used to pay for the employee's health insurance plans and pensions. On the basis of the pleadings, the Funds has set forth an adequate showing of the probability of success on the merits.

More importantly as it relates to the issue of a temporary injunction, the Funds indicate that Great Lakes intends to cease its business operations and liquidate its assets. By diminishing its working capital and satisfying its obligations to other creditors, there appears to be a reasonable probability that Great Lakes will be unable to pay the fringe benefit contributions that its allegedly owes to the Funds. Thus, according to the Funds, the "announced liquidation and disbursement of benefit monies to other creditors means that the Funds may never recoup their losses without immediate equitable relief." Pl.'s Br. at 3. The Court concludes that the liquidation plan

---

[1] The record indicates that Great Lakes was served with a copy of the Funds' motion for injunctive relief on July 8, 2005.

4

announcement constitutes a substantial threat of immediate and irreparable harm to the Funds. If Great Lakes does not have the monies with which to pay its fringe benefit contributions under ERISA, the Funds will be without an adequate remedy at law.

Based on the available record, this Court concludes that a temporary restraining order is warranted to preserve the "status quo and prevent[] irreparable harm just so long as it is necessary to hold a hearing and no longer." *Granny Goose Foods, Inc.*, 415 U.S. at 439. Accordingly, Great Lakes is directed to freeze and withhold the distribution of all of its assets or monies until a resolution of this litigation has been concluded or until further order from the Court.[2] In the absence of other evidence, the Court determines that this freeze of Great Lakes' assets will not result in substantial harm to others and will serve the public interest. Moreover, in granting this temporary restraining order, the Court does not make any findings that can be construed as a final adjudication on the merits.

Accordingly, the Court will grant the Funds' request for a temporary restraining order to the limited extent of ordering a freeze on Great Lakes' assets. This temporary injunctive relief will remain in effect until all of the issues relating to the Funds' request for the issuance of a preliminary injunction has been resolved by the Court. The Funds are also directed to immediately post a bond in the amount of $1,000.00 to the Clerk of the Court pursuant to Fed. R. Civ. P. 65 as a condition

---

[2]In rendering this decision, the Court explicitly defers its ruling on the other forms of equitable relief that have been requested by the Funds in their pending motion. A determination on the request for an order that would (1) prohibit Great Lakes from incurring any future delinquency in their contribution obligations, (2) require Great Lakes to make an immediate accounting of all monies and assets, and (3) allow the United States Marshal to seize and hold Great Lakes' assets during the pendency of litigation will be heard at the motion hearing, presently scheduled for August 16, 2005 at 9:30 a.m.

precedent to the efficacy of this Order.

IT IS SO ORDERED.

DATED: **JUL 2 5 2005**
Detroit, Michigan

JULIAN ABELE COOK, JR.
United States District Judge

PURSUANT TO RULE 77(D), FRCivP
COPIES HAVE BEEN MAILED TO ALL
ATTORNEYS FOR ALL PARTIES ON
_July 25_, 20_05_

Deputy Clerk